**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | | |
|---|---|---|
| GERALD BERNARD DATTS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-220 |
| | ) | |
| DARYLE McCORMICK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Convicted in federal court of possession of a firearm by a convicted felon, *United States v. Datts*, No. CR410-091, doc. 59 (S.D. Ga. Jan. 24, 2011), Gerald Bernard Datts, Jr. has filed a claim under 42 U.S.C. § 1983 against Officer Daryle McCormick, who allegedly gave perjured and prejudicial testimony before the grand jury.[1] (Doc. 1 at 4-5.) The Court granted Datts leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to

---

[1] Datts is also facing state charges based on the same incident that gave rise to his federal charge. *State of Georgia v. Datts*, No. CR092877 (Chatham County, Ga. Super. Ct. filed Dec. 2, 2009).

Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Datts claims that Officer McCormick "did with for[e]sight conspire to deny Plaintiff his most fundamental and Constitutional right of freedom by giving perjurious [sic] testimony before a federal grand jury." (Doc. 1 at 4.) He points to specific lines from the grand jury transcript that he remembers differently from McCormick and has attached other

records that support his recollections. (*Id.* at 4-5.) Datts does not seek damages[2] but instead asks the Court to enter a declaratory judgment finding that McCormick's grand jury testimony constituted perjury, to decree what should be done with the indictment (i.e., whether it must be dismissed), and to hold an immediate hearing on the matter. (*Id.* at 6.)

In the time since he filed this case, Datts has been convicted and sentenced, so his requests for prospective declaratory and injunctive relief are moot. Moreover, while he does not explicitly seek release from confinement, his claim still sounds in habeas rather than 42 U.S.C. § 1983.[3] Boiled down, he wants the federal indictment dismissed, which would result in freedom from confinement on the federal gun charge. (*See* doc. 1 at 87 (attached *pro se* criminal brief requesting acquittal for subornment of perjury).) When a prisoner challenges the fact or

---

[2] Had he done so, his claim would fail, as witnesses who testify before a federal grand jury enjoy absolute immunity from damages for their testimony. *Scarbrough v. Myles*, 245 F.3d 1299, 1305 (11th Cir. 2001).

[3] While it is neither here nor there, had he named a proper defendant -- one who had authority to terminate the case -- and stated a non-habeas claim, this case would actually be a suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not 42 U.S.C. § 1983. *Bivens* recognized an implied right of action for damages against a *federal* official who intentionally violates an individual's constitutional rights.

duration of his confinement "and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (reiterating that prisoners cannot use civil rights actions to challenge "the fact or duration of [their] confinement"); *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995) (holding that declaratory or injunctive relief claims that challenge the validity of the claimant's conviction or sentence and seek release from custody are not cognizable in a civil rights action under 42 U.S.C. § 1983 or *Bivens*).

A motion filed pursuant to 28 U.S.C. §§ 2241 or 2255 would net him little now, however, since he has already filed an appeal in his still ongoing criminal case. *Datts*, No. CR410-091, doc. 71. Absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the appeal may render the motion moot. *United States v. Khoury*, 901 F.2d 948, 969 n.20 (11th Cir. 1990) (§ 2255 motion will not be entertained during pendency of a direct appeal); *Vita v. United States*, 2006 WL 2460705 at *1 (M.D. Fla. Aug. 23, 2006) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491

(11th Cir. 1990)). In fact, this Court is without jurisdiction to consider such claims. *United States v. Dunham*, 240 F.3d 1328, 1329-1330 (11th Cir. 2001). As Datts has not alleged any extraordinary circumstances justifying immediate review, his motion would be subject to dismissal as premature.[4]

Datts's case should be **DISMISSED**. His motion for the status of his complaint (doc. 6) is **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this 7th day of March, 2011.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**

[4] Since the motion would be premature, the Court declines to re-characterize this case as a § 2255 motion. Accordingly, it need not issue the warnings required by *Castro v. United States*, 540 U.S. 375, 383 (2003) (district courts must warn first-time § 2255 litigants that they will lose their ability to file any successive § 2255 motions without first seeking leave to do so from the circuit court).